**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES EDWARD TAYLOR,

        Petitioner,

v.                                                                                    Case Number: 09-cv-10556
                                                                                                                    Honorable Patrick J. Duggan

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of Michigan,
on September 28, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Charles Edward Taylor filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state prisoner who is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, challenges his convictions for nine counts of first-degree criminal sexual conduct, two counts of second-degree criminal sexual conduct, and two counts of third-degree criminal sexual conduct. In lieu of filing an answer to the petition, Respondent filed a motion for summary judgment, arguing that the petition was not timely filed under 28 U.S.C. § 2244(d)(1) and therefore should be dismissed. Petitioner filed a reply to Respondent's motion, contending that Respondent incorrectly calculated the days. Petitioner also filed a motion to stay and abey, along with

his habeas petition, seeking to allow the state courts to complete their pending review of Petitioner's post-conviction relief from judgment. For the reasons that follow, the Court denies Respondent's motion for summary judgment and denies Petitioner's motion to stay as moot.

**I. Factual and Procedural Background**

Petitioner was convicted of the above named offenses after a jury trial and was sentenced to concurrent prison terms of thirty- to sixty-years for each first-degree criminal sexual conduct conviction, ten- to fifteen-years for each second-degree criminal sexual conduct conviction, and ten- to fifteen-years for each third-degree criminal sexual conduct conviction. After sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals. On May 12, 2005, the Court of Appeals, in an unpublished opinion, affirmed Petitioner's convictions and sentences. *People v. Taylor*, Nos. 254888, 254889, 2005 WL 1124091 (Mich. Ct. App. May 12, 2005).

Petitioner subsequently filed an application for leave to appeal that decision with the Michigan Supreme Court. On October 31, 2005, the Michigan Supreme Court denied the application because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Taylor*, 474 Mich. 909, 705 N.W.2d 132 (2005). Petitioner did not file a writ of certiorari with the United States Supreme Court. Rather, Petitioner filed a motion for relief from judgment with the trial court pursuant to Mich. Ct. R. 6.500, *et.seq*. The motion was docketed by the state trial court on January 30, 2007. The trial court denied the motion on July 9, 2007. *People v. Taylor*, Nos. 03-

011413, 03-013048, 03-013047 (Wayne County Circuit Court, July 9, 2007). Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied in a standard order on November 14, 2008. *People v. Taylor*, No. 286184 (Mich. Ct. App. Nov. 14, 2008). Finally, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was also denied in a standard order on August 6, 2009. *People v. Taylor*, 484 Mich. 866, 769 N.W.2d 657 (2009). In the meantime, Petitioner filed the present habeas petition on February 13, 2009.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996, and thus the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to his application. *Lindh v. Murphy*, 521 U.S. 320, 322 336, 117 S. Ct. 2059, 2061, 2068 (1997).

The AEDPA's statute of limitations provides in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application

3

> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.[1] Under that provision, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari regarding the state court's decision on direct appeal is due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Rule 13 of the Supreme Court Rules provides that a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment."

In this case, the Michigan Supreme Court denied Petitioner's application for leave on October 31, 2005. Petitioner then had ninety days in which to seek certiorari with the United States Supreme Court, which he did not. Thus, for statute of limitations purposes,

---

[1] There is no argument that subsection B, C, or D apply in this case.

Respondent argues that Petitioner's judgment became final on January 29, 2006. If the 90-day period for filing a petition for a writ of certiorari ends on a day that the Supreme Court is closed, however, the period extends until the next day on which the Court is open. S. Ct. R. 30(1). January 29, 2006, was a Sunday—a day on which the Supreme Court is closed. Therefore Petitioner's judgment did not become final until January 30, 2006, and Petitioner had until January 30, 2007, to file his habeas petition.

Although Petitioner did not file his habeas petition until February 13, 2009, he did file a motion for relief from judgment in the state trial court that was docketed on January 30, 2007. Pursuant to 28 U.S.C. § 2244(d)(2), this motion tolled the statute of limitations. Realizing, however, that the statute of limitations would expire on the same day that the Michigan courts completed their final review of his motion for relief from judgment and that he would not receive notice of the completed review until days later, Petitioner filed his present petition for habeas as a "protected" petition concurrently with a motion to stay and abey. By filing in this way, Petitioner ensured that his habeas petition would be timely filed when the Michigan courts completed their review of his motion for relief from judgment. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17, 125 S. Ct. 1807, 1813-14 (2005). Therefore, Respondent's motion for summary judgment on grounds that Petitioner's motion was untimely must be denied.

This leaves Petitioner's motion to stay and abey before the Court. As described above, Petitioner's motion for stay requests that the Court hold his petition in abeyance until the Michigan state courts complete their review of his motion for relief from

judgment. On August 6, 2009, the Michigan state courts completed their review of the motion. As a consequence, Petitioner's motion for stay is now moot. Because the habeas petition is timely as a result of the "protective" filing and because the collateral review of Petitioner's convictions and sentences is no longer pending, it is now appropriate that the merits of the petition be reviewed. Accordingly, the Court also orders that Respondent file a response to the habeas petition within six months of the date of this opinion and order.

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to stay and abey the petition is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Respondent file a response to the habeas petition in accordance with Rule 5 of the Rules Governing § 2254 Cases within **SIX MONTHS** of the date of this order;

**IT IS FURTHER ORDERED** that Petitioner shall have **45 DAYS** from the date of the responsive pleading to file a reply.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies To:
Charles Taylor #222685
Carson City Correctional Facility
10522 Boyer Road
Carson City, Michigan 48811

Laura Moody, Esq.